United States District Court
Southern District of Texas
**ENTERED**
November 16, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAVIER ANTONIO MORA GONZALEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-09780 |
| | § | |
| RAYMOND THOMPSON, | § | |
| | § | |
| Respondent. | § | |

**ORDER OF DISMISSAL**

The petitioner, Javier Antonio Mora Gonzalez, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Petitioner has filed this third petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his ongoing detention, this time after bond was denied because the Immigration Judge ("IJ") found him to be a flight risk. Doc. No. 1-2 at 23; *see also Mora Gonzalez v. Thompson*, Civ. A. No. 4:26-cv-3964 (S.D. Tex. Jul. 16, 2026) (dismissing petition as duplicative and warning of sanctions for continued abuse of the writ); *Mora Gonzalez v. Dickey*, Civ. A. No. 4:26-cv-1444 (S.D. Tex. Apr. 29, 2026) (dismissing petition with prejudice on the merits).

The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule

4 of the Rules Governing § 2254 Cases in the United States District Courts (authorizing preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

As noted above, the petition reflects that Petitioner previously was granted a bond hearing and was found to be a flight risk. Doc. No. 1 at 5. His pleadings in the instant case reflect that he disagrees with the Immigration Judge's decision regarding bond. *See id.* at 6-7. The Court lacks jurisdiction to review the decision of the IJ regarding the finding that the petitioner is a flight risk. "No court may set aside any action or decision . . . under this section regarding . . . the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). Courts therefore have no jurisdiction to consider a discretionary decision to deny release on bond. *See Bustamante v. Mukasey*, 286 F. App'x 239, 240 (5th Cir. 2008); *Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737 (S.D. Tex. 2025).

In addition, to the extent that the petitioner also argues that his continued detention violates due process, his claims are foreclosed by *Sosnava Rodriguez v. Vergara*, --- F.4th ----, No. 26-50183, 2026 WL 3181188, at *9 (5th Cir. Oct. 23, 2026) (*en banc*).

Finally, the Court observes that the petitioner persists in filing petitions for a writ of habeas corpus when his circumstances have not materially changed. He was previously warned that such an abuse of the writ could result in sanctions. *See Mora Gonzalez*, Civ. A. No. 4:26-cv-3964, at Doc. No. 6.

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

Accordingly, the Court **ORDERS** as follows:

1. The petition for a writ of habeas corpus (Doc. No. 1) is **DENIED.**
2. All other pending motions, if any, are **DENIED as MOOT**.
3. This case is **DISMISSED WITH PREJUDICE**.
4. Petitioner shall not file any more petitions for a writ of habeas corpus unless there has been a material change in circumstances. This prohibition does not include a claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001), filed six months or more after his removal order is final, if applicable. If Petitioner files another petition for a writ of habeas corpus challenging his present detention, he must attach the three previous petitions to his filings, disclose them clearly on his petition, and state how the circumstances have changed materially.
5. Petitioner is **WARNED** that subsequent frivolous, duplicative petitions may result in sanctions, including monetary sanctions or a preclusion order, for abuse of the writ.

SIGNED on this 16th day of November 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE